# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JAMES LEE DOYLE,

          Petitioner,

v.                                                                  Case No. 09-CV-187

STATE OF WISCONSIN, Circuit Court of Racine County,

          Respondent.

_____

# ORDER

On January 29, 2009, petitioner James Doyle ("Doyle") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After a jury trial in Racine County Circuit Court, Doyle was convicted of two counts of first degree sexual assault. Doyle was sentenced to twenty-six years' imprisonment. He is currently confined to the Oshkosh Correctional Institution in Oshkosh, Wisconsin.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has

avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Doyle's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Doyle's petition is timely. He appealed his conviction to the Wisconsin Court of Appeals, which denied his appeal on October 11, 2006. He sought review of this denial in the Supreme Court of Wisconsin, which vacated the appellate court's ruling, and remanded the matter to the appellate court on September 14, 2007. The appellate court ruled against Doyle again on October 17, 2007. The Supreme Court of Wisconsin denied review of the second appellate decision on January 22, 2008. Thus, because he did not appeal to the U.S. Supreme Court, his judgment became final 90 days later, on April 21, 2008 – less than a year prior to filing this action.

The court continues its Rule 4 review by examining Doyle's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition

"unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A prisoner exhausts his constitutional claims by either: 1) presenting them to the highest state court for a ruling on the merits, *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990); or 2) showing that at the time the federal habeas petition was filed no state remedies remained available to petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982).

By Doyle's own admission, he did not exhaust any of his current claims by presenting them to the Wisconsin Supreme Court (or any of the state courts for that matter). By the same token, it is apparent that these claims are no longer viable, as it does not appear that Doyle has any remedy regarding these claims. His opportunity to raise these claims on direct appeal has long since passed. See Wis. Stat. § 808.04(1). Similarly, so too has his opportunity passed to raise these claims in a post-conviction motion under Wis. Stat. § 974.02. See Wis. Stat. § 809.30(2)(b). While Wis. Stat. § 974.06 allows collateral attack of a conviction on constitutional

-3-

grounds after the deadlines for direct appeal and post-conviction motions under § 974.02 have passed, Doyle is procedurally barred from doing so, since he could have raised his claims on direct appeal. See Wis. Stat. §974.06(4). Only a showing of "sufficient reason" would overcome this procedural bar. Id. Doyle has not offered any reason for his failure to raise these claims in state court, thus it appears he could not overcome the procedural bar. Accordingly, Doyle has no further remedy in state court as to his present claims, therefore, they are exhausted.

The court next reviews Doyle's petition under Rule 4 to determine whether he has procedurally defaulted on any of his claims. Even though a constitutional claim in a federal habeas petition has been exhausted, the court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A state prisoner may also procedurally default on a constitutional claim in a habeas petition by failing to raise the claim in a manner prescribed by state procedural laws. *See Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Here, the court finds that Doyle has procedurally defaulted all of his claims. He states that none of his claims were presented and considered on the merits by any of the state courts. "[A] habeas petitioner who has failed to meet the State's

-4-

procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Thus, in order for the district court to consider the merits of the claims of such a petitioner, that petitioner would have to demonstrate cause for the state court default of his federal claims, as well as prejudice therefrom. *Id.* at 750. The one narrow exception is if the petitioner can sufficiently demonstrate that federal refusal to consider his claim would result in a "fundamental miscarriage of justice." *Id.* at 724.

Because petitioner has procedurally defaulted each of his claims, the court must dismiss his petition.

Accordingly,

**IT IS ORDERED** that petitioner's Petition for Writ of Habeas Corpus (Docket #1) be and the same is hereby **DISMISSED** without prejudice.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge